[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION NOTION FOR SUMMARY JUDGMENT (#136)
The plaintiff, Angel Gonzalez, filed an amended, two-count complaint against Ariens Co. and J B Sales and Service, Inc. on June 9, 1994, alleging products liability pursuant to General CT Page 5118-WWWW Statutes § 52-572n et seq. based on an accident involving a snow blower. The court granted the Westport Board of Education's motion to intervene as plaintiff on December 5, 1994. The defendant Ariens Co. filed a motion for summary judgment (#136) on April 5, 1995, with a memorandum of law and affidavits. The plaintiff filed a reply memorandum with affidavits on February 7, 1996, and a supplemental memorandum on March 27, 1996 with attachments.
The standard of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995).
The defendant Ariens Co. argues that the action is barred by the statute of limitations relating to product liability actions, General Statutes § 52-577a. General Statutes § 52-577a
provides that, "[n]o product liability claim as defined in section 52-572m shall be brought . . . later than ten years from the date that the party last parted with possession or control of the product."
The defendant claims that Arien last parted with possession and control of the product on October 28, 1966, and this action was brought on May 19, 1993, more than 26 years after the date Ariens parted with the product. The plaintiff responds that the snowblower consisted of two component parts, the tractor and the "Sno Thro" attachment. The plaintiff argues that the affidavits submitted by the plaintiff only demonstrate when the tractor left possession and control of Ariens Co., not the attachment.
In response, the defendant Ariens Co. provided an affidavit from Gerald Johnson which provides that while the sno-thro snowblower contained several serial numbers, the shipping invoices identified the entire snowblower by the snowblower model number combined with the tractor serial number. If the tractor is sold separately it is identified by a T at the end of the model number. The records on this particular snowblower did not contain a T, but instead identified the snowblower model number as Model CT Page 5118-XXXX 10M-6D, with the tractor serial number, 40442, indicating that the tractor and Sno Thro attachment were sold together and shipped on October 28, 1966. The affidavit further provides that the model Sno Thro attachment at issue was not sold separately from the tractor. The reply also contains an affidavit from Alfred Wakeman, a custodian for Bedford Middle School from 1953 until 1988. Mr. Wakeman states that the snowblower at issue is the same snowblower he used while he was a custodian at the school. He states that he has used that snowblower since it was purchased by the school in 1967.
The affidavit of Melvin A. Edinger states that Ariens Co. did not provide an express written warranty with the snowblower warranting that it could be used for a period longer than ten years.
The plaintiff has not provided evidence or argument in rebuttal. Where the movant has presented evidence demonstrating there is no genuine issue of material fact, "the party opposing [summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). There is no genuine issue of material fact as to the statute of limitations, General Statutes § 52-577a, and, accordingly, the motion for summary judgment is granted as to Ariens Co.
ARNOLD, J.